ISABELLA HAY, Respondent, v. STAR FIRE INSURANCE COMPANY, Appellant.

$\begin{array}{|cc|} \hline 77 & 235 \\ 132 & 338 \\ \hline \end{array}$

An agreement to renew a policy of fire insurance, in the absence of evidence that any change was intended, implies that the terms of the existing policy are to be continued.

A party whose duty it is to prepare a written contract according to a previous agreement, if he prepares one materially changing the terms of the previous agreement, and delivers it as in accordance therewith commits a fraud entitling the other to relief.

Equity will reform a contract where there is a mistake on one side and fraud on the other.

Plaintiff having an insurance with defendant of his interest as mortgagee, took another mortgage upon the same premises, and applied to defendant for a renewal of the first policy with an increase of the insurance to the amount of both mortgages ; this was agreed to, and a new policy was issued, which contained a clause, not in the first policy, to the effect that, in case of loss, the assured should assign to defendant all her right to receive satisfaction from any other person, and that the loss should not be payable until after the enforcement of the original security, and defendant should only be liable for so much as could not be so collected. This policy was renewed from time to time ; plaintiff did not discover the change until after a loss.   Both mortgages contained the usual insurance clause, and it was agreed thereby that the mortgagors should pay the premiums and have the benefit of the policy in payment of the

debt. In an action to reform the policy and to recover thereon as reformed, *Held*, that the relief asked for was properly granted; that it was bad faith on the part of defendant to so change the terms without notice, and to deliver the new policy as simply a renewal of the old one.

Also *held*, that negligence of plaintiff in not discovering the change, and *laches* in not sooner seeking relief were questions making the propriety of granting the relief discretionary; and that this discretion was properly exercised.

As to whether an insurance company has a right to make an insurance upon such terms, *quœre*.

The policy contained a clause that no suit against the company "for the recovery of any claim by virtue of this policy shall be sustainable until after an award shall have been obtained fixing the amount of such claim," nor unless the suit shall have been commenced within twelve months after the loss. Defendant claimed that the action was barred by this clause. *Held*, untenable: 1st. It was at least doubtful whether, in strictness, the limitation applied, except in case an award was made. 2d. The clause sought to be struck out was entirely inconsistent with the limitation. 3d. The action was not for "a claim by virtue of this policy," but to compel the giving of a policy in accordance with the agreement. 4th. The limitation should be construed as commencing when the loss was due and payable, not from the time of the fire.

(Argued April 7, 1879; decided May 20, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 13 Hun, 496.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*Osborn E. Bright*, for appellant. The only contract between the parties was for a policy that should cover plaintiff's loss after exhausting the mortgage. (*Ætna Ins. Co. v. Tyler*, 16 Wend., 385, 397; *Kernochan v. Bowery Ins. Co.*, 17 N. Y., 428.) The application for a renewal of the policy and the entry in the book of the company did not constitute a contract. (*MacKenzie v. Coulson*, L. R. [8 Eq.], 368; *Kent v. Manchester*, 29 Barb., 595; *Bap. Ch. v. B'klyn F. Ins. Co.*, 25 N. Y., 161; *Hughes v. Mer. Mut. Ins. Co.*, 55 id., 265.) A policy of insurance cannot be reformed unless

the proof is unquestionable and free from reasonable doubt. (1 Story's Eq. Jur., § 157; *Collett* v. *Morrison*, 12 Eng. L. & Eq., 171; *Phœ. F. Ins. Co.* v. *Gurnee*, 1 Paige, 278; *Del. Ins. Co.* v. *Hogan*, 2 Wash. Cir., 4; *Lyman* v. *U. Ins. Co.*, 2 J. Ch., 630; *Andrews* v. *Essex F. and M. Ins. Co.*, 3 Mason, 10.) The basis of the action is mistake, and to obtain relief the mistake must be mutual. (*Bryce* v. *Lor. F. Ins. Co.*, 55 N. Y., 240; *Jackson* v. *Andrews*, 59 id., 244.) Plaintiff's receipt of the policy in June, 1868, and her renewal of it from year to year until October, 1873, constituted an acceptance by which she was bound, notwithstanding her omission to read it. (*Breeze* v. *U. S. Tel. Co.*, 48 N. Y., 132, 139; *Hopkins* v. *Westcott*, 6 Blatch., 64; *Long* v. *N. Y. C. R. R. Co.*, 50 N. Y., 76; *Fibel* v. *Livingston*, 64 Barb., 179; *Steers* v. *Liv., N. Y. and P. SS. Co.*, 11 Alb. L. J., 160; *Pindar* v. *Res. F. Ins. Co.*, 47 N. Y., 114; *Kirkland* v. *Dinsmore*, 62 id., 171; *Phillips* v. *Gallant*, id., 256, 263, 264.)

*Charles A. Davison*, for respondent. As the original policy insured the interest of plaintiff as mortgagee, and contained no clause of subrogation, and the mortgagor having paid the premiums, the insurer had no right of subrogation or payment of loss. (*Kernochan* v. *N. Y. Bowery F. Ins. Co.*, 17 N. Y., 428; *Clinton* v. *Hope Ins. Co.*, 45 id., 467; *Waring* v. *Loder*, 53 id., 585.) The second policy being in effect an insurance of the debt was not in conformity with the agreement of renewal and was *ultra vires*. (*Excel. Ins. Co.* v. *Royal Ins. Co.*, 55 N. Y., 343.) A mistake on one side and fraud on the other will authorize such a reformation, and a knowledge of the mistake on the part of either is fraud. (*Rider* v. *Powell*, 24 N. Y., 310; *Welles* v. *Yates*, 44 id., 525.) It was not necessary that the fraud should be charged in terms; a statement of the facts was sufficient. (44 id., 525; *Bidwell* v. *Astor Mut. Ins. Co.*, 16 N. Y., 263; *Briose* v. *Pac. Mut. Ins. Co.*, 4 Daly, 246.) The court having jurisdiction of the action to reform the contract

thereby acquired the right to award relief in damages. (16
N. Y., 263; 44 id., 525; *Rundle* v. *Allison*, 34 id., 180.)
This action could be sustained on the ground that plaintiff
is entitled to a specific performance of the agreement to
insure. (*Carpenter* v. *Mut. Safety Ins. Co.*, 4 Sandf. Ch.,
408; *Bunter* v. *Orient Mut. Ins. Co.*, 8 Bosw., 448; *Rhodes*
v. *R. Pass. Ins. Co.*, 5 Lans., 71.) The limitation clause in
the second policy has no application in the present action.
(*Smith* v. *G. F. Ins. Co.*, 62 N. Y., 86; *Mayor, etc.* v. *Ham.
F. Ins. Co.*, 39 id., 46; *Ames* v. *N. Y. Union Ins. Co.*, 14
id., 255; *People* v. *Liv., Lond. and G. Ins. Co.*, 2 T. & C.,
268.)

CHURCH, Ch. J.   This is an action to reform a policy of
insurance, by striking out the following clause :   " 13.  In all
cases of loss, the assured shall assign to this company,
all his right to receive satisfaction therefor, from any other
person or persons, town or corporation, with a power of
attorney, to sue for and recover the same, at the expense of
this company.   When insured as a mortgagee, the loss shall
not be payable until payment of such portion of the debt shall
have been enforced, as can be collected out of the original
security, to which this policy may be held as collateral, and
this company shall then only be liable to pay such sum, not
exceeding the amount insured, as cannot be collected out
of such primary security," and to recover upon the policy
as reformed.

The plaintiff had a previous insurance of her interest as
mortgagee, to the extent of $2,500, the amount of her mort-
gage upon the mortgaged premises, situate in Westchester
county.   That policy did not contain the clause in question.
A few months afterwards, the plaintiff loaned to the mort-
gagors $500, in addition, and took another mortgage to
secure the payment thereof, and applied to the defendant
for a renewal of the first policy at $3,000, which was agreed
to, and a new policy issued with the foregoing clause inserted;
and the same was renewed several times by renewal receipts,

until the fire took place.    Neither the plaintiff nor her agent discovered the change in the policy until after the fire.    Both mortgages contained the usual insurance clause, and it was agreed that the mortgagors should pay the premiums, and have the benefit of the policy, in reduction of the debt. These facts are distinctly found by the trial judge, and we think that they justify the conclusion of law that the plaintiff is entitled to judgment, and we concur with the opinions at General and Special Term.

It is insisted in behalf of the defendant, that the evidence did not justify the finding that there was any agreement to issue a new policy like the old one, except in amount.

An agreement to *renew* a policy, implies that the terms of the existing policy are to be continued, and this would be so of any instrument, in the absence of evidence, that a change was intended.    The plaintiff's husband and agent, testified, " I made application to the Star Fire Insurance Company to have another policy made for $3,000, renewal of the old policy, and increase it to $3,000.    The company made a minute of the application, and said they would consider it, insure it for $3,000, in place of $2,500."    The president of the defendant corroborates this evidence.    He states that Mr. Hay applied for a *renewal* of the policy, saying that he had loaned $500, and wanted *the* policy made for $3,000, instead of $2,500, and that the following entry was made in two hand writings :   " Mrs. I. Hay, Mount Vernon, N. Y., *renewed,* 1019  June 1, a a $3,000." From this evidence the court was justified in finding an agreement to renew the policy.    True Mr. Hay says that the company said that it would consider the application, but the entry made by different officers indicates that it was accepted, and that the policy was to be " renewed."    But if the application was not accepted at that time, the subsequent delivery of a policy as a renewal, in ostensible compliance with the application would have the same effect, in the absence of notice or explanation that the terms of the

policy had been altered.    The two policies were materially unlike.

The first contained no provision for subrogation, and as the mortgagors paid the premium, and especially with the agreement that the insurance was to be taken for their benefit, the amount received on the policy would apply to reduce the mortgage debt.    (*Kernochan* v. *Bowery Fire Ins. Co.*, 17 N. Y., 428; *Excelsior Ins. Co.* v. *Royal Ins. Co.*, 55 id., 343.)    The clause inserted in the last policy makes the defendant a mere guarantor of the collection of the mortgage, and an insurer of the debt, a contract practically of no benefit either to the insured or the mortgagors.    It was an insurance which the plaintiff under the arrangement with the mortgagors had no right to accept, and one which in *Excelsior Co.* v. *Royal Ins. Co.*, *supra*, it is more than intimated the defendant had no right to make.    It was bad faith on the part of the defendant to change so radically the terms of the policy, and deliver it as a policy simply renewing the old one, without notice of the change.    A party, whose duty it is to prepare a written contract, in pursuance of a previous agreement, to prepare one materially changing the terms of such previous agreement, and deliver it as in accordance therewith, commits a fraud which entitles the other party to relief according to the circumstances presented. Equity will reform a written instrument in cases of mutual mistake, and also in cases of fraud, and also where there is a mistake on one side, and fraud on the other.    (*Welles* v. *Yates*, 44 N. Y., 525; *Rider* v. *Rowell*, 28 id., 310, and cases cited.)    The negligence of the plaintiff in not discovering the change and *laches*, in not sooner seeking relief, are questions which make the propriety of granting relief in a given case, discretionary.    The court below upon the findings of fact we think properly exercised its discretion in this case in granting relief.    Policies of fire insurance are rarely examined by the insured.    The same degree of vigilance and critical examination would not be expected or demanded as in the case of some other instruments.    It is found that the

plaintiff did not in fact examine the policy until after the fire, when for the first time, he was informed of the peculiar terms of this provision.

An effort was made on the part of the defendant to show that the original agreement before the first policy was made was for such an insurance as was made by the last policy, or at least that such an insurance might have been made under that agreement. There was a refusal to find this, and the evidence on that subject is ambiguous, and it is very doubtful, to say the least, whether that evidence would have justified such a provision as this. The defendant certainly made no mistake in inserting the provision contained in the first policy, and even if it might have inserted a different one, it is bound by the contract which it actually made. Considering the arrangement between the plaintiff and the mortgagors, and the terms of the first policy, it must be assumed that the contract made was in accordance with the intention of both parties, and it is not material whether the plaintiff actually read the first policy or not. He was entitled to the benefit of it, and when the defendant agreed to deliver a policy renewing it, and delivered it as such, it had no right to change its terms without the consent of the plaintiff.

The policy contained this provision : " 12. It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until after an award shall have been obtained fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next after the loss shall occur ; and should any suit or action be commenced against the company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary nothwithstanding."

It is objected, that the limitation of twelve months after

the loss occurred, had expired, before the action was commenced, and that the action is barred. There are several answers to this objection. 1st. It is at least doubtful whether in strictness the limitation applies except in case an award is made fixing the amount of the claim. 2d. The clause sought to be struck out, is entirely inconsistent with the limitation of twelve months after the loss occurred, as a compliance with that clause would ordinarily occupy the whole or the greater part of that period, and hence it cannot be supposed that the parties intended the limitation to apply to such a case. 3d. The action is not for a " claim by virtue of this policy," but to compel the defendant to give a policy according to the agreement of the parties. This point is the same as though no policy had been given, and the action was for a specific performance of the agreement to insure. The limitation does not apply. The defendant cannot take advantage of a condition, the performance of which, it has prevented. (*Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y.; 253–264.) The limitation clause was not contained in the first policy. 4th. I am of opinion that the limitation should be construed to commence when the loss was due and payable, and not from the time of the physical burning of the property.

A contract of insurance is to be construed with reference to all its provisions, and in accordance with the rules which prevail for the construction of statutes and other contracts. A material condition of this policy is that proofs of loss are to be furnished as soon as possible after the fire, which means within a reasonable time. Such time is necessarily indefinite, depending upon a variety of circumstances, and after being furnished may be objected to as defective, and amended proofs required. This may occupy several weeks, or several months. In this case the fire occurred in October, and proofs of loss were not perfected until April after, and no question of laches was made. The delay may have been mutual, or unavoidable. The policy provides that the loss shall be paid " sixty days after due notice and satisfactory

proofs of the same shall have been made by the assured."
So that eight months of the twelve claimed as the period of
limitation had expired without fault on the part of the
plaintiff before the right to bring an action accrued, and it
might often happen, that the whole period would elapse
before such right accrued. It seems to me absurd to suppose
that the parties intended to fix a limitation of time for
bringing an action, so that by a compliance with other con-
ditions of the policy, the whole time might elapse, and thus
result in depriving the party of the right to bring any action.
The error of the position is in supposing that courts are
bound to apply the words " after the loss shall occur," to
the time the property was actually destroyed. It is far
more reasonable to refer it to the time when the loss has
become a fixed demand against the company, and the assured
has a right to bring an action for it. The loss should be
deemed to occur when the company pays it, or is law-
fully called upon to pay it. The loss then, and not until
then practically occurs to it. These words may in some
clauses refer to the destruction of the property, but it does
not necessarily follow that they do in this. One of the most
familiar rules is, that written instruments should be construed
with reference to the subject-matter. The subject-matter
was the limitation of time for bringing an action, and the
provisions of law on that subject may be presumed to have
been in the minds of the parties. Among the various stat-
utes of limitation, fixing a specified period within which any
class of actions must be brought, not one permits the time
to commence running until the right to bring the action
exists, and the time does not commence running in some
until the parties have knowledge of the facts entitling them
to bring the action, and it is never permitted to run against
a party who is under a disability to bring the action.

The parties intended to shorten the time for commencing
an action, but an intent to violate the universal rule, appli-
cable to this subject, founded alike in principle and practice
before referred to, ought not to be imputed. Such a con-

struction would in all cases restrict the time fixed for an indefinite period, and in some cases deprive a party of a right to bring an action at all, which is absurd, and an absurd result should never be reached by construction. By construing these words with reference to other clauses, there is no difficulty in reaching a reasonable result.

It is a maxim of the law that "he who considers merely the letter of an instrument, goes but skin-deep into its meaning." (Broom's Maxims, 657.) There is no authority for giving a cold literal meaning to isolated words, disconnected from the subject matter, and from other provisions of the instrument.

The reasoning in the case of *Ames* v. *New York Union Insurance Company, supra,* sustains the construction here indicated, and in *Mayor* v. *Hamilton Fire Insurance Company* (39 N. Y., 46), the point was substantially decided. The condition there was " unless such suit or claim shall be commenced within the term of six months after any loss or damage shall accrue." The court say, that "the words ' loss or damage ' are not used with legal precision. Within six months after the right of action shall have accrued, was no doubt what the parties intended," and it was held that the six months commenced to run from the time the right to bring an action existed. We regard that case as decisive upon this point. The court very properly characterize the condition thus : " It is in derogation of the rights of the assured, as given by the statute of limitations of the State. It is often not known, or not considered by the assured, and should only be permitted to prevent a recovery, when its just and honest application would produce that result."

In this case the loss became payable June 6th, and the action was commenced in January after, or within seven months.

Upon the other points, we concur with the court below.

The judgment should be affirmed.

All concur except EARL, J dissenting.

Judgment affirmed.