By the Court.—O’Gorman, J.
On April 10, 1810, a lease was executed by the defendants to Peter Lorillard, of a lot of land, in the sixth ward of the city of New York, for the term of twelve years from the first day of May, 1828. This lease contained the following covenant: “ And the said Mayor, Aldermen and Commonalty of the city of New York, for themselves, their successors and assigns, do covenant, grant and agree to and with the said Peter Lorillard, his executors, administrators and assigns, that they the said Mayor, Aldermen, and Commonalty of the city of New York, their successors and assigns, shall and will at the expiration of the term hereby demised, again demise, and to farm let the above premises in pursuance of this present lease, unto the said Peter Lorillard, his executors, administrators or assigns, for and during the term of 21 years thereafter, with a like covenant for future renewals of the lease, as is contained in this present indenture, and upon such rents and other terms and conditions as shall be agreed upon between the parties, or as shall be deter *292 mined by two sworn appraisers one of whom to be chosen ■ by each of the said parties, unless the said premises or some part thereof, shall at the expiration of the said term hereby demised, be required for public purposes ; in which case the said term shall not be renewed, but the said May- or, Aldermen and Commonalty of the city of Hew York, their successors and assigns, shall and will pay to the said Peter Lorillard, his executors, administrators br assigns, the value of such buildings as shall be erected in pursuance of this lease, such value to be ascertained by two sworn appraisers to be chosen as aforesaid.”
On April 13, 1839, said Lorillard, with the consent of the defendants, assigned this lease to John Syms, the testator of the plaintiffs. On April 1, 1840, the term of the lease being about to expire, the defendants executed and delivered to said John Syms, a second lease for the term of 21 years from May 1, 1840. In this lease appears the following covenant: “And the said parties of the first part, for themselves, their successors and assigns, do covenant, grant and agree to and with the said party of the second part, his executors, administrators and assigns, that they, the said parties of the first part, their successors and assigns, shall 'and will at the expiration of the term hereby demised, again demise and to farm let the abone premises in pursuance of this present lease, urdo the said party of the second part, his executors, administrators or assigns, for and during the term of twenty-one years, and thereafter upon such rents as shall be agreed upon between the parties, or as shall be determined by two sworn appraisers, one of whom to .be chosen by each of the said parties, and in case of disagreement, by a sworn umpire, to be agreed upon between the said parties, or chosen by the said appraiser.”
This covenant, it will be remarked, differed in language and effect from the covenant in the former lease, in this that in the lease of 1810, the covenant provided a new lease of 21 years, with a covenant for future renewals, whereas the covenant in this latter lease of 1840, provided only for one *293 renewal by one additional lease for a farther term of twenty-one years.
The plaintiffs claim in this action, that this lease of 1840, purporting to be in pursuance of the former lease of 1810, should, be construed, as if it had in terms provided for future, renewals, instead of the one renewal actually provided for.
Before the expiration of the term of this lease of 1840, a third lease of said premises was made and delivered by the defenants to said Syms, for a term of twenty-one years to begin on May 1, 1861. This lease contained no covenant of renewal. Both of these leases, that of 1840, and that of 1861, were put on record, and said Syms occupied and used the leased premises until Ms death, which happened in December, 1868. Since Ms death, they have been used by his executors—the plaintiffs herein—nnil April 1880, when the defendants caused the lot and premises to be sold at public auction.
This action was begun in October, 1880. The plaintiffs pray that the leases of 1840 and 1861 be reformed by inserting therein a covenant for a further renewal of twenty-one years from May 1, 1883, and that plaintiffs may have such renewed lease, etc. As to the lease of 1861, they base their claim for reformation on the ground that the provision for future renewals was omitted.by mistake, or-by an intent to rely on the covenant in the original lease, or else was done by a design to deceive and defraud said John Syms. ' No evidence has been offered to sustain any charge of fraud, and there is no evidence of any negotiation, transaction, collateral agreement or conduct from which mutual mistake of the parties to the lease can be deduced or inferred, and which would authorize a court of equity in reforming the leases as prayed for.
A court of equity cannot undertake to make contracts for parties, which they have not made for themselves, and which, from all that appears, they never intended to make. Before the reformation of an instrument in writing can be decreed, it must be proved that both parties agreed to some *294 thing different from what was expressed in the writing, and the proof should be so clear and convincing as to leave no room for doubt (Mead v. Westchester Ins. Co., 64 N. Y. 455; Nevius v. Dunlap, 33 Id. 676; Albany City v. Burdick, 87 Id. 40). In the case at bar, such proof is not made.
There is no reason for the assumption that the defendants and Syms, their lessee, did not intend what their lease purported on its face that they did intend.
The fact that Syms for above twenty-five years held the lease of 1840 without making any objection as to its - terms, and held the lease of 1861 until the time of his death, without objection to its terms, and without taking any step for the reformation of either of them, is evidence of acquiescence or of laches, so flagrant, that the propriety of granting the relief prayed for in this action has become a question of discretion for the court (Hay v. Star Ins. Co., 77 N. Y. 240).
The plaintiffs, I think, have presented no case that entitles them to the exercise of this discretionary power of the court in their favor.
The construction of the covenant in the lease of 1810, for which plaintiffs contend, would, if carried out to its logical result, tend to create a perpetuity, and that is not favored by the law.
It is urged on the part of the defendants that the cause of action in this case, if any, occurred in 1840, when the second lease was made, not containing any covenant for renewals, and that this action is barred by section 388 of the Code of Civil Procedure. A right of action for reformation of a written instrument accrues when the defect is discovered, which the court is called on to remedy. Syms, the lessee in this case, must be presumed to have known and understood the terms of the leases, which he accepted, executed in counterpart, and put on record, and their meaning and legal effect; and, in my opinion, the section of the Code referred to (388), applies (Cramer v. Benton, 4 Lans. 294).
The judgment appealed from should be affirmed, with *295 costs, and the order appealed from should be affirmed, with ten dollars costs.
Sedgwick, Ch. J., and Freedman, J., concurred.