G. FRANK DOUGHERTY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 3, LEON WARSHAVSKY, Insured.)*

G. FRANK DOUGHERTY, as Ancillary Administrator, etc., of LEON ABRAMOVITCH WARSHAVSKY, Deceased, Respondent, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant, Respondent. (Action No. 4, LEON WARSHAVSKY, Insured.)

G. FRANK DOUGHERTY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 10, DAVID ROMM, Insured.)

G. FRANK DOUGHERTY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 12, CARL LUDWIG BAUER, Insured.)

G. FRANK DOUGHERTY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 13, ALEXANDER LANDE, Insured.)

G. FRANK DOUGHERTY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 24, JANKEL RABINOWICZ, Insured.)

G. FRANK DOUGHERTY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 25, BORUCH SELTZER, Insured.)

G. FRANK DOUGHERTY, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 27, NICOLAI ILYINE, Insured.)

LEWIS A. PINKUSSOHN, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. (Action No. 23, MAXIMILIAN PHILIPP, Insured.)

* See 144 Misc. 363.

Lewis A. Pinkussohn, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Action No. 29, Paul Minder, Insured.)

Lewis A. Pinkussohn, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Action No. 49, Max Bertschy, Insured.)

Lewis A. Pinkussohn, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Action No. 54, Georg Fahrbach, Insured.)

Lewis A. Pinkussohn, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Action No. 69, Georg Fahrbach, Insured.)

Lewis A. Pinkussohn, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Action No. 72, Paul Fahrbach, Insured.)

Lewis A. Pinkussohn, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Action No. 74, Julius Martens, Insured.)

Lewis A. Pinkussohn, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Action No. 100, Alexander Elfenbein, Insured.)

Lewin Blechmann, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Lewin Samuilovitch Blechmann, Insured.)

Louis Edward Ramm, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Louis Edward Ramm, Insured.)

Friedrich W. Suessman, Respondent, *v.* The Equitable Life Assurance Society of the United States, Appellant. (Friedrich W. Suessman, Insured.)

G. Frank Dougherty, Appellant, *v.* The Equitable Life Assurance Society of the United States, Respondent. (Action No. 28, Jossel Reinin, Insured.)

G. Frank Dougherty, Appellant, *v.* The Equitable Life Assurance Society of the United States, Respondent. (Action No. 37, Anatol Waskowski, Insured.)

G. Frank Dougherty, Appellant, *v.* The Equitable Life Assurance Society of the United States, Respondent. (Action No. 47, Marcel Zalberg, Insured.)

Lewis A. Pinkussohn, Appellant, *v.* The Equitable Life Assurance Society of the United States, Respondent. (Action No. 60, Sergi I. Siline, Insured.)

Lewis A. Pinkussohn, Appellant, *v.* The Equitable Life Assurance Society of the United States, Respondent. (Action No. 112, Theodor Taube, Insured.)

Corinne M. Rodkinson, as Executrix, etc., of Norbert M. Rodkinson, Deceased, Appellant, *v.* The Equitable Life Assurance Society of the United States, Respondent. (Norbert M. Rodkinson, Insured.)

Noussin A. Vitkoup, Appellant, *v.* The Equitable Life Assurance Society of the United States, Respondent. (Noussin A. Vitkoup, Insured.)

First Department, June 30, 1933.

*Walter H. Pollak* of counsel [*G. Frank Dougherty, George J. Hadjinoff* and *Thomas I. Emerson* with him on the brief; *Engelhard, Pollak, Pitcher & Stern*, attorneys], for the plaintiffs.

*John W. Davis* and *William C. Cannon* of counsel [*David E. Hudson* with them on the brief; *Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the defendant.

O'MALLEY, J. The Equitable Life Assurance Society of the United States is defendant in twenty-six actions brought upon policies issued through its Russian branch between the years 1890 and 1911. Plaintiffs are either holders of such policies, beneficiaries or the assignees or administrators of the assureds or beneficiaries.

Many of such plaintiffs are *émigrés*, who have fled from Soviet

Russia, and reside in western Europe. Others are residents and citizens of the newly created Baltic States of Latvia, Esthonia, Lithuania and Poland. In one case the assured died in exile and the beneficiary was a resident of Soviet Russia. In one case the assured was a native American citizen and the beneficiary a resident and subject of Great Britain.

The great majority of the actions are for rescission and a recovery of the premiums paid and are predicated upon defendant's repudiation of its obligations under the policies. This group is known as the restitution cases. Three cases involving four claims seek recovery of the insurance stipulated in the policies, (1) the amount promised at the end of the endowment period; and (2) payments agreed to be made on the death of the insured.

In nineteen of the restitution cases the plaintiffs have had judgment. The remaining cases of this group were dismissed, together with some of the actions for the insurance stipulated, upon the ground of the Statute of Limitations, or failure on the part of the plaintiffs to perform conditions precedent contained in the policies. These dismissals are subjects of appeal by the respective plaintiffs involved.

The comprehensive and carefully considered opinion of the learned referee has rendered our task less arduous. It states the nature of the litigation, the number and character of the cases involved, the essential facts and issues of law necessary to be considered in respect to each; and in addition cites the leading cases in the Court of Appeals, and in this and other courts which deal with the important and novel legal questions which have been precipitated on our courts as the result of the Russian revolution and the final establishment of the Soviet government in 1918. (*Dougherty* v. *Equitable Life Assurance Soc. of U. S.*, 144 Misc. 363.) Moreover, we deem the opinion to be entitled to more than the ordinary weight, in view of the fact that the writer was a member of the Court of Appeals when many of the cases which he cites and upon which he relies were decided. No one, therefore, is in a better position to interpret properly the effect to be given to the decisions which control some of the important legal questions here involved.

In the main we agree with the conclusions reached in the opinion of the referee, to which we refer for a more detailed statement of facts and the principles of law generally applicable. We concur in the view that our previous decision in one of the cases involved herein, wherein we struck out several defenses interposed by the defendant (*Dougherty* v. *Equitable Life Assurance Soc. of U. S.*, 228 App. Div. 624), has rendered unavailable to the defendant all defenses, save the second, ninth, tenth and eleventh, the last having been withdrawn on the trial. While some of the defenses as reframed on amendment differ in language, they are in substance and principle

to the same effect as those which were eliminated by our decision. Our view upon the insufficiency of these defenses was deliberately and unanimously expressed, and was based upon our interpretation of the previous decisions of the Court of Appeals cited therein. While it is but fair to say that some members of the court as now constituted are not wholly in accord with the full decision as then made, we are of unanimous opinion that we must adhere to the view as then expressed, especially as our decision was adopted by the referee and made the basis of an important part of his decision.

Nor is our recent decision in *Gilbert* v. *New York Life Insurance Company* (238 App. Div. 544) in conflict with the holding of the referee that premiums paid by the insured may be recovered in actions for rescission predicated upon the defendant's repudiation. In the first place, the holding therein to the effect that premiums might not be recovered in an action for rescission predicated upon a repudiation was not essential to the decision. Furthermore, the repudiation involved in that case related to a true anticipatory breach, a repudiation prior to the accrual of any rights. This presents quite a different situation from that in the cases before us where the repudiation of the entire contract of insurance took place at a time when rights under the policies had already accrued.

We, therefore, are of opinion that the judgments in favor of the plaintiffs must be affirmed. The judgments dismissing the complaints of seven of the plaintiffs directed in their favor as hereinafter specified. As our affirmance is based upon the law as laid down by the learned referee, it will be unnecessary to treat generally of the law applicable. Such questions of law as are necessary to be considered will be adverted to in the treatment of the specific cases.

In the actions brought on the claims of Waskowski, Siline and Vitkoup we are of opinion that performance on their part was excused after November 7, 1917, the date of the Soviet revolution. Such performance was a practical impossibility. These three individuals were subjects of the Ukraine, divorced from Russia with intercommunication destroyed. (*Cohen* v. *New York Mutual Life Ins. Co.*, 50 N. Y. 610; *Sands* v. *New York Life Ins. Co.*, Id. 626.)

Waskowski had obtained a fifteen-year endowment policy in 1913. His last premium payment carried this to April 10, 1918. He had fourteen months after non-payment of a premium to elect either to take a cash surrender value of the policy or paid-up insurance for the full amount for a reduced term; eight months within which to elect paid-up insurance in a reduced amount. Therefore, on December 1, 1918, the crucial date as fixed by the referee when by Soviet decree life insurance became a state monopoly, private companies were ordered in liquidation, and all the defendant's property and assets were taken over by the Soviet, Waskowski

under the policy had a three-fold election: (1) Paid-up insurance until 1928, and if alive, the right then to a cash payment; (2) a cash surrender value; (3) a paid-up policy in a reduced amount. He, therefore, in this action was entitled to final judgment for the premiums paid, with interest, valued as of the dates when made.

Siline had a twenty-year endowment policy. His last premium payment carried the policy to July 3, 1918. Under his policy, on December 1, 1918, he had (1) the right to a cash surrender value; (2) a right to a paid-up policy. He, too, therefore, should have judgment directed in his favor.

So, too, in the case of Vitkoup, the third Ukranian, who had a life policy. His last premium payment carried the policy to October 3, 1917. On December 1, 1918, he also had the two options open to Siline. Likewise, judgment should be directed in his favor.

The Reinin claim was on a twenty-year endowment policy obtained in 1897. If alive on November 6, 1917, he was entitled to the face amount. The record shows that he paid all premiums and on November 6, 1917, was alive. His assignee brought this action on February 1, 1927. There was no proof of survivorship given in this action. The learned referee was of opinion, more than six years having expired without such proofs being given, that the action was barred. It must be noted, however, that the policy prescribed no time within which proof of survivorship had to be given. The right to recover did not accrue until the proofs were furnished in the absence of any express limitation. (*Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235, 243; *Munn* v. *Masonic Life Assn.*, 189 id. 486, 489.) The statute, therefore, had not run, assuming that the six-year period of limitation would apply. The delay, moreover, under the circumstances here presented, was not of a sufficient duration in our opinion to constitute an abandonment in law. Judgment, therefore, should be directed in favor of the plaintiff for the amount stipulated in his policy, valued in rubles as of the date of maturity.

We are of opinion, also, that in the Taube claim the statute had not run. This assured had two policies, the first a twenty-year payment life policy on which all premiums had been paid and which was fully paid up in 1912. Taube was executed by the Soviets in May, 1919, in Riga. The statute, however, did not start to run, though the policy by its terms was then payable. As in the case of Reinin, proofs of survivorship had not been furnished. The other policy held by Taube had been changed in 1906, under an option given him, to a paid-up policy in a reduced amount. Here, too, the statute did not start running as of the date of his death, for again, proofs of survivorship had not been furnished the defendant, and neither policy had set forth an express limitation of time in which this was to be done. There should, therefore, be directed

a judgment on these two policies for the amount stipulated therein in rubles valued as of the date of maturity.

In the Rodkinson claim, barred by the referee on the ground that the six-year statute had run, we are, likewise, of opinion that judgment should have been granted for the plaintiff for the amount of the premiums paid in rubles, with interest as of the respective dates of payment. This claim was predicated upon a policy, the endowment period of which expired December 29, 1920. Payment according to its terms was not due until " one month from the date of production of proofs of survivorship." This proof was never given. We do not think that when Rodkinson, in answer to an inquiry, was informed under date of January 14, 1920, by the defendant that it would not take any action in connection with this policy or assume any responsibility, the statute started to run. The assured might, but was not compelled to, consider this repudiation giving rise to an enforcible claim as of such date. Even if proofs of survivorship had been produced at the expiration of the endowment period, December 29, 1920, the six-year statute, assuming it to apply, would not have barred the claim. This period would not have elapsed until January 29, 1927. The action, however, was commenced January 18, 1927.

The Zalberg claim was dismissed on the theory advanced by the learned referee that the assignee of the beneficiary of such policy had no right to exercise options therein contained, but that this could be done only by the assured. On December 1, 1918, the policy was in full force and effect. Zalberg died in 1925. The policy named his daughter as beneficiary and she was alive on that date. In April, 1928, she assigned her interest to the plaintiff here prosecuting the claim, who commenced suit May 1, 1928. The plaintiff assignee demanded the exercise of the option in the policy as to paid-up insurance. It seems to us that the beneficiary and, likewise, the plaintiff assignee was entitled to exercise such option. (*Bartholomew* v. *Security Mutual Life Insurance Co.*, 204 N. Y. 649.) Judgment, therefore, should be directed for the plaintiff for the amount of insurance stipulated in the policy in rubles valued as of the date of maturity.

It follows, therefore, that the judgments in favor of the plaintiffs should be affirmed, with costs, and the judgments in favor of the defendant reversed, with costs, and judgments directed in favor of the respective plaintiffs as above indicated, with costs, and in conformity with the opinion of the referee in other respects.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

In each of the first nineteen actions, except the second action, in which costs are awarded to the plaintiff (respondent, appellant)

with leave to appeal: Judgment affirmed, with costs, with leave to the appellant to appeal to the Court of Appeals if so advised.

In each of the last seven actions: Judgment reversed with costs and judgment directed in favor of the plaintiff as indicated in opinion, with costs, and in conformity with the opinion of the referee in other respects. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.