MAX GONSENHAUSER, Plaintiff, *v.* HOME INSURANCE COMPANY et al., Defendants.

Supreme Court, Monroe County, January 4, 1967.

*Traynor & Skehan* (*J. Frank Traynor* of counsel), for defendants. *Cucci, Welch & Boehm* (*David O. Boehm* of counsel), for plaintiff.

MARSHALL E. LIVINGSTON, J. This motion is made by defendants for summary judgment dismissing plaintiff's amended complaint on the ground that the action was not commenced within 12 months after inception of the loss, as required by subdivision 6 of section 168 of the Insurance Law.

Plaintiff's amended complaint alleges, and the defendants admit, that Sherman Cotton and/or Cotton Agency, Inc., were agents of the domestically licensed defendants in connection with ordering, issuing and maintaining policies of insurance covering plaintiff's property against fire loss.

Defendants' answer claims that the policies in question were indorsed to cover plaintiff's crops on the Neuman Farm from September 3, 1963 to September 3, 1964, and that thereafter there were no further indorsements on the policies. Consequently, there was no coverage by the defendants on the Neuman Farm on November 19, 1964 when the loss occurred.

Plaintiff, on the other hand, alleges a specific oral direction to defendants' agent to renew both policies prior to September 3, 1964, together with an order to double the coverage on the produce located on the Neuman Farm to $20,000.

Plaintiff further claims that the customary practice in dealing with defendants' agent was that policies were to be automatically

renewed with the same companies on the same terms unless otherwise instructed or directed. Plaintiff also alleges that in this case, he ordered and instructed defendants' agent to renew the subject policies and to increase the coverage to $20,000.

Defendants deny these allegations and assert as an affirmative statutory bar the limitation imposed by subdivision 6 of section 168 of the Insurance Law that "No suit or action *on this policy* \* \* \* shall be sustainable \* \* \* unless commenced within twelve months next after inception of the loss". (Italics added.)

Defendants' position is, that assuming plaintiff had valid policies of insurance orally renewed with increased coverage at the date of the loss (which defendants deny), nevertheless, such policies would be then subject to the 12-month Statute of Limitations imposed in the standard form by subdivision 6 of section 168 of the Insurance Law, and that the action should be dismissed.

Defendants argued on the motion that the form of plaintiff's action is in effect a suit *on the policies* by alleging negligence on the part of the defendants so that the one-year statute does not apply, but the six-year statute, pursuant to CPLR 213, is applicable. Therefore, defendants claim plaintiff is attempting to avoid the limitation of 12 months within which the action must be brought.

It is true that this action is not for reformation of an existing policy or binder which gave rise to the 12-month limitation being set aside in *Chambers* v. *Glens Falls Ins. Co.* (41 Misc 2d 727). However, I do view this case as an action to compel a renewal of the policies and thereby collect for the loss covered under the policies, if the action is successful. In this respect this case, in the pleading stage, is like *Hay* v. *Star Fire Ins. Co.* (77 N. Y. 235), which is discussed at length in *Chambers* v. *Glens Falls Ins. Co. (supra)*.

New York Jurisprudence (vol. 31, Insurance, § 1572) is the authority for the general statement that " The limitation provision does not apply to a suit in equity for specific performance of an oral contract of insurance ", citing *Clarkson* v. *Western Assur. Co.* (92 Hun 527). There an analogous situation to the case at bar was decided upon an oral renewal of a fire policy where the defendant attempted to invoke the 12-month limitation. The reasoning of the court (pp. 534–535) seems especially apt in this case: " Another point is that the assumed policy contained a special provision that ' No suit or action on this policy for the recovery of any claim shall be sustained in any court of

law or equity ＊ ＊ ＊ unless commenced within twelve months next after the fire.' Assuming, again, that this point is available (there having been no policy proved), it is a sufficient answer to say that this action is not upon the policy. The defendant had refused to deliver a policy and the plaintiffs were consequently obliged to bring this action to compel a delivery of the policy and payment of the claim. Where the insurance company refuses to deliver the policy of insurance, and resists payment of the loss on the ground that no obligation to insure was entered into, it cannot take advantage of a limitation clause that might have been inserted in the policy had one been delivered. (*Smith* v. *Glens Falls Ins. Co.*, 62 N. Y. 85; *Shaw* v. *The Republic Life Ins. Co.*, 69 id. 286; *Taylor* v. *Merchants' Fire Ins. Co.*, 9 How. [U. S.] 390; *Hay* v. *Star Fire Ins. Co.*, 77 N. Y. 235.) ''

The strict application of the 12-month limitation as typified by the recent Court of Appeals decision in *Proc* v. *Home Ins. Co.* (17 N Y 2d 239); *Fotochrome* v. *Amer. Ins. Co.* (26 A D 2d 634); *Dubins* v. *Boston Ins. Co.* (26 A D 2d 863) and all the citations in these cases are concerned with claims where concededly a valid policy of insurance was in force at the time of the loss.

Here plaintiff claims policies should have been in existence, but defendants deny this. Plaintiff claims he told defendants' agent to renew and increase the coverage under the policies, but defendants deny this.

Defendants claim that inasmuch as the 12-month period has run, the plaintiff is in effect bringing an action *on the policies* and is attempting to disguise his lawsuit; that plaintiff is attempting by indirection that which the assumed policies forbid.

I do not so view this case. For the defendants to be able to argue that the limitation clause applies, there must be policies in existence. The record before me shows that policies Nos. 6969 and 3233 were terminated without further indorsement on September 3, 1964, so that on November 19, 1964, when the loss occurred, there were no policies in existence which covered the plaintiff's produce.

It may be the plaintiff will be advised to consider an application to amend his pleadings to include a cause of action specifically asking that the renewal policies be issued in order to conform with the alleged directions given to defendants' agent. However, this is a matter for later consideration by a Special or Trial Term. CPLR 3017 (subd. [a]) and CPLR 3025 (subds. [b], [c]) provide authority for this procedure. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3017.01–3017.07; pars. 3025.11–3025.31.)

This motion is denied, without costs.