William G. Easton, J.
This is a motion by the defendants, Utica Mutual Insurance Company and Home Mutual Insurance Company for summary judgment and dismissal of the plaintiff’s complaint. The complaint is based on the existence of alleged binders of fire insurance and asks damages for destruction of plaintiff’s property by fire. The specific and critical allegations of the complaint are as follows:
“ 8. That at the time of said fire loss the building owned by the plaintiff was covered by the binders ”.
“10. That as stated aforesaid, at the time of the fire loss referred to above there was in full force and effect fire insurance on the building in the form of binders issued by the defendants.”
*460 The answer not only denied coverage but set up an affirmative defense that the plaintiff has not commenced this action within 12 months next after the inception of. the loss as required by the New York State standard fire insurance policy provisions which are automatically applicable to binders. (Insurance Law § 168, subd. 6.) The plaintiff also has a cross motion to strike these affirmative defenses pursuant to CPLR 3211 (subd. [b]).
The undisputed facts are as follows: Defendants ’ agent had issued four binders providing fire insurance coverage for the plaintiff’s premises, each of which by its terms expired in 30 days from the dates thereof. These binders were dated respectively, July 19, 1967, August 18, 1967, September 18, 1967 and October 18,1967. At the termination of the last (Oct. 18) binder on November 17, 1967, no further binders were issued but a letter of advice dated November 30, 1967 was mailed by the defendants to the bank which held a first mortgage on the plaintiff’s property, informing the bank that the binder was terminated and that coverage could not be placed for the plaintiff with the defendants. A copy of this letter was also mailed to the plaintiff and received by him during the day of December 3, 1967. Prior thereto at 4:00 a.m. of the same day the plaintiff’s premises were destroyed by fire. This was 16 days after the formal termination of the last binder. On February 7, 1968 plaintiff’s attorney wrote to the defendants’ agent asking for “Proof of Loss forms ” so that the plaintiff could process a claim under the binders. This letter was forwarded to the defendants but never answered and no forms were furnished nor were any negotiations had between the parties. On December 30, 1968 (one year and 27 days after the fire) the plaintiff commenced this action.
All parties recognize that the case of Proc v. Home Ins. Co. (17 N Y 2d 239) definitely holds that the one-year Statute of Limitations, so-called, is absolute and legal action must be commenced within 12 months from the date of the fire. However, plaintiff’s attorney now claims that the defendants waived the provisions of this one-year statute and are now estopped from setting it up as a defense. It was so indicated in the Proc case (p. 245) that “If conduct or action on the part of the insurer is responsible for the insured’s failure to comply in time with the conditions precedent, injustice is avoided and adequate relief assured, without doing violence to the plain language used by the Legislature, by resort to traditional principles of waiver and estoppel ”,
*461 The plaintiff claims that the case of Gonsenhauser v. Home Ins. Co. (52 Misc 2d 272) is controlling and that the Proe decision is not applicable since there were no policies of insurance in existence at the time of the fire. However, Justice Livingston’s decision in the Gonsenhauser case indicates to the contrary, for he said at pages 272-273 as follows:
‘ ‘ Plaintiff * * * alleges a specific oral direction to defendants’ agent to renew both policies # # *
“ However, I do view this case as an action to compel a renewal of the policies and thereby collect for the loss covered under the policies, if the action is successful * * *
“ New York Jurisprudence (vol. 31, Insurance, § 1572) is the authority for the general statement that ‘ The limitation provision does not apply to a suit in equity for specific performance of ¡an oral contract of insurance ’ ”.
Justice Livingston took the attitude that the action before him was one in equity to compel a renewal of policies and not an action on the policies themselves, therefore, the limitation clause is not available. The case at bar is definitely an action on binders alleged to have covered the loss.
As to the plaintiff’s claim of waiver and estoppel, his only point is that defendants failed and refused to furnish “ proof of loss forms ” when requested to do so by plaintiff’s attorney on February 7, 1968. From that date until the expiration of the one-year statute (Dec. 3, 1968) there elapsed a period of 10 months and 26 days within which no party did anything. There was no express waiver by the defendants; there were no negotiations entered into between any of the parties and the defendants made no statements, which could possibly have misled the plaintiff or lulled him into action. Defendants did nothing which could possibly be construed as working an estoppel on them. On the contrary, if the defendants had furnished ‘ ‘ proof of loss forms ” then it could have been argued that such action would have constituted a waiver and an admission of the existence of the coverage.
Where there are disputed questions of fact, there is some authority for the submission to a trial on the question of waiver or estoppel. There is no question of fact in this case. It is a question of law, and this court holds that the one-year statute applies from the date of the fire; that the plaintiff did not commence his action within that period; and that the defendants did nothing which could be construed as a waiver or as working an estoppel which would take the case out of statute. (Palazzola v. Pennsylvania Fire Ins. Co., 23 App. Div. 856; Skylark Enterprises v. American Cent. Ins. Co., 13 A D 2d 707; Proc v. Home *462 Ins. Co., supra; Rosenthal v. Reliance Ins. Co., 25 A D 2d 860; Fotochrome, Inc. v. American Ins. Co., 26 A D 2d 634, affd. 23 N Y 2d 889.) The last-cited case involved a motion for summary judgment which was denied in the lower court but reversed in the Appellate Division and Court of Appeals. A reading of the memorandum opinion in the Appellate Division indicates that it was a much stronger case for estoppel and waiver than the one at bar.
The plaintiff’s motion to dismiss the affirmative defenses is denied and the defendants’ motions for summary judgment are granted, with costs.