## (May 22, 1978)

■ Marjorie E. Byron, Appellant, v Liberty Mutual Insurance Company, Respondent.—In an action, in effect, to reform a homeowners' liability insurance policy to provide, inter alia, that personal property loss from burglary, theft, and/or robbery is limited to $1,000 on any single article of jewelry and to recover for losses sustained as the result of a burglary, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered September 21, 1977, which is in favor of defendant, after a nonjury trial. Judgment affirmed, with costs. We agree with the determination of the Trial Term that there is no merit to plaintiff-appellant's claims. Only if a change in a renewed policy is not brought to the insured's attention at the time the change is made, is the insured entitled to reform the agreement so as to conform it with the earlier one (see Hay v Star Fire Ins. Co., 77 NY 235; 29 NY Jur, Insurance, § 702; Ann. 91 ALR2d 546, 549; 17 Couch, Insurance [2d ed], § 66:105). That defendant-respondent sent the enclosure notifying plaintiff of the change in her policy was established. There was sufficient proof that the enclosure was included with the policy. Plaintiff did not deny receipt of the policy that was mailed, but only of the enclosure. That plaintiff may not have read the enclosure is a strong possibility, but her failure to do so does not entitle her to the relief she seeks. As to the coin collection, even the original insurance contract carried a limitation of $100 on money, "including numismatic property". Plaintiff is not entitled to recover the insurance proceeds under the terms of the original policy because of her failure to prevail on her request for reformation. Titone, J. P., Rabin, Gulotta and Hawkins, JJ., concur.

■ Mary P. Halliday, Appellant-Respondent, v Robert Halliday, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal from so much of a judgment of divorce of the Supreme Court, Nassau County, entered April 19, 1977, as made provision with respect to alimony, child support and counsel fees. Judgment modified, on the facts, by increasing the award of alimony from $160 per week to $200 per week. As so modified, judgment affirmed insofar as appealed from, with costs payable to plaintiff. In our opinion, the alimony award of $160 a week was inadequate to the extent indicated herein. We find no basis for otherwise disturbing the determination of Special Term. Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.