■ HOME INSURANCE COMPANY, Plaintiff, v AMERICAN INSURANCE COMPANY, Defendant.—This case comes to us for determination as an action on submitted facts pursuant to CPLR 3222. In accordance with paragraph (3) of subdivision (b) of that rule, it is, by stipulation of the parties, submitted to us in the first instance.

Plaintiff, The Home Insurance Company (Home), and defendant, The American Insurance Company (American), both issued insurance policies to Grenadier Realty Corporation (Grenadier), which included insurance on real property located at 40 West 34th Street, New York, New York. Home issued a boiler and machinery policy covering the premises, while American issued an all-risk policy to Grenadier.

On November 12, 1986, water and steam were inadvertently introduced into the 26th floor mechanical equipment room of the premises through an open drain line, which was part of a return line on the building's hot water heating system. Moisture generated by that open drain line entered the bus duct through a vent located near the ceiling. There was no flow of water directly onto the bus duct system. Rather, the moisture saturated the duct insulation and supports, which had deteriorated due to age and environment, resulting in breakdown of the insulation and permitting an arc to result between the two bus bar phases, which have a potential difference of 440 volts. The arcing caused an overload in the electrical distribution system resulting in a burnout of the two phases of the transformer section and the overloading of one of the fuses in the service switch.

As a result of these events, Grenadier suffered an insurance loss of $1,178,811.71. Paragraph twelve of the stipulated facts states that all of this loss, except for damages totaling less than $10,000, "would not have occurred in the absence of the aforementioned electrical arcing". In order that Grenadier could be paid the agreed amount of its loss, Home and American entered into an agreement whereby each party paid to the insured one half of the loss, less their respective deductibles, without prejudice to either company to apportionment.

The insurers agree that Grenadier's loss is covered under Home's policy but dispute whether the loss is also covered under American's policy which contains the following electric current exclusion:

"Exclusions Applicable Whether Causing or Aggravating the Loss. We do not cover loss caused by, resulting from, contributing to or made worse by any of the following:

"a. Electric Current. We do not cover loss or damage caused by or resulting from artificially generated electric current, including electric arcing, that disturbs electrical devices, appliances or wires. But if loss or damage by any cause of loss not otherwise excluded results, we will pay that resulting loss or damage."

Home claims that this exclusion is inapplicable to the facts of the Grenadier loss because the electrical arcing was precipitated by the escape of hot water and steam from the open drain line, which itself is a peril covered under the American policy. American, on the other hand, denies liability for the loss on the ground that the damage was "caused by or resulting from * * * electric arcing" and therefore excluded under its policy of insurance.

The phrase "caused by or resulting from" in reference to an excluded peril requires that the insurer prove that the excluded peril, in this case electric arcing, is the proximate cause of the loss. (See, Pan Am. World Airways v Aetna Cas. & Sur. Co., 505 F2d 989, 1006.) We note, however, that "[t]he concept of proximate cause when applied to insurance policies is a limited one". (Great N. Ins. Co. v Dayco Corp., 637 F Supp 765, 778; see also, Bird v St. Paul Fire & Mar. Ins. Co., 224 NY 47 [Cardozo, J.].) Thus, in the context of this case, "the causation inquiry stops at the efficient physical cause of the loss; it does not trace events back to their metaphysical beginnings". (Pan Am. World Airways v Aetna Cas. & Sur. Co., supra, at 1006.)

Upon review of the record before this court, we find that the efficient or dominant cause of the loss was the short circuit in the electrical system; the steam merely set the stage for that later event, and therefore, the escape of steam was the remote and not the proximate cause of the loss. (See, Couch, Insurance 2d §§ 74:717, 74:719 [rev ed 1983].) Indeed, while it is apparent that the introduction of moisture into the bus duct facilitated the electrical injuries in this case, it is also apparent that the losses themselves were not moisture injuries. (See, Harris v Allstate Ins. Co., 309 NY 72, 76.) Rather, those

damages would not have occurred in the absence of the electrical arcing and, as such, are excluded from coverage under the plain and unambiguous language of the electric current exclusion in the American policy. *(See, French Investing Co. v Safeguard Ins. Co.,* NYLJ, Feb. 8, 1985, at 12, col 2, *affd without opn* 114 AD2d 753.)

Hence, judgment is unanimously rendered in favor of American and against Home in the agreed-upon sum of $584,405.86, without interest or costs, and the Clerk of the Supreme Court, New York County, is directed to enter judgment accordingly. Concur—Carro, J. P., Milonas, Kassal and Smith, JJ.