■ PAUL ENDER et al., Respondents, v NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Helen Freedman, J.), entered May 10, 1990, which granted defendant National Fire Insurance Company's motion to reargue and, upon reargument, adhered to its prior order entered on or about November 28, 1989, denying said defendant's motion for summary judgment and granting plaintiffs' cross motion for summary judgment on the issue of lability, unanimously modified, on the law, to the extent of denying plaintiffs' cross motion for summary judgment and remanding the matter to Supreme Court for trial and, except as so modified, affirmed, without costs. The appeal from the order of the same court, entered on or about November 28, 1989, is dismissed as academic, without costs.

Plaintiffs commenced this action against defendant insurer and the City of New York to recover for water damage arising from a break in the city's water main located approximately one block away from plaintiffs' property. Defendant insurer moved for dismissal of plaintiffs' action or, alternatively, for summary judgment. In its moving papers, defendant insurer urged that certain exclusionary provisions contained within the contract disclaim coverage for any damage resulting from floods, tidal waves, seeping groundwater, etc. Additionally, defendant insurer contended that the subject insurance contract is not an "all-risk" policy and that the language in section L of the insurance policy warrants a restrictive interpretation, effectively limiting coverage for water damage to losses caused by the insured's own in-premises plumbing

system. The IAS court denied defendant's motion and granted plaintiffs' cross motion for summary judgment.

The exclusionary provisions of the insurance contract are no bar to plaintiffs' claim as they preclude only recovery for damages arising from natural causes, not from artificial devices (see, e.g., *Popkin v Security Mut. Ins. Co.*, 48 AD2d 46). Additionally, we find the language in section L of the contract to be identical to language considered in *De Witt Props. Assocs. v United States Fire Ins. Co.* (33 NY2d 785, 786) and found by the Court of Appeals to be "ambiguous".

The instant record lacks sufficient extrinsic evidence to discern the parties' true contract intentions. The opportunity must therefore be afforded to submit additional evidence to enable the trier of fact to resolve the ambiguity. Only if the proffered extrinsic evidence is equivocal does the question become one for the court to determine as a matter of law (*State of New York v Home Indem. Co.*, 66 NY2d 669, 671). Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.