■ ALBUM REALTY CORP. et al., Respondents, v AMERICAN HOME ASSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered May 20, 1991, which denied the motion of defendant for summary judgment, granted the cross-motion of plaintiffs for summary judgment on the issue of liability and directed an assessment of damages, is unanimously reversed, on the law and on the facts, motion of defendant granted, cross-motion of plaintiffs denied, and complaint dismissed, with costs. The Clerk is directed to enter judgment in favor of the defendant-appellant dismissing the complaint, with costs.

American Home Assurance Company (American) issued a builders' risk insurance policy (policy) to Album Realty Corp. (Album), covering, for the period between June 15, 1987 and June 1, 1990, a 31-story commercial building (premises), located at 475 West 57th Street, Manhattan. Pursuant to the request of Album, the name of the Home Savings Bank (Bank) was added to the policy as mortgagee.

Although the terms of the policy, in substance, undertook to indemnify Album against all risks of direct physical loss or damage to property up to a limit of $14 million, excluded from coverage were losses caused by extremes of temperature and freezing *(see,* policy, "PERILS EXCLUDED", condition 4 [a], [e]).

On December 24, 1989, it is undisputed that a sprinkler head in the sub-basement of the insured premises ruptured as a result of freezing, and thereafter a release of water filled the sub-basement to a depth of thirteen feet, occasioning substantial property damage. Subsequently, in June 1990, American rejected Album's claim, upon the ground that coverage was not provided for losses due to extremes of temperature or freezing.

Thereafter, in December 1990, Album and the Bank (plaintiffs) commenced an action against American (defendant) to recover for the property damage. Following the joinder of issue, defendant moved and plaintiffs cross-moved for summary judgment. By order, entered May 20, 1991, the IAS Court denied the defendant's motion, and granted the plaintiffs' cross-motion. Defendant appeals.

It is well established law that the search for the cause of the loss in the law of insurance contract is more limited than in the law of torts, meaning that the search for causation does

not reach back as far *(Bird v St. Paul Fire & Mar. Ins. Co.,* 224 NY 47, 53 [1918]; *Home Ins. Co. v American Ins. Co.,* 147 AD2d 353, 354 [1st Dept 1989]; 18 Couch, Insurance § 74:705 [2d ed]). Over seventy years ago, in *Bird v St. Paul Fire & Mar. Ins. Co. (supra,* at 53-55), the Court of Appeals stated:

"Precedents are not lacking for the recognition of the space element as a factor in causation. This is true even in the law of torts where there is a tendency to go farther back in the search for causes than there is in the law of contracts * * * Especially in the law of insurance, the rule is that 'you are not to trouble yourself with distant causes' (WILLES, J., in *Ionides* v. *Univ. Marine Ins. Co.,* 14 C.B.N.S. 289 * * *) * * *

"In [the] last analysis, therefore, it is something in the minds of men, in the will of the contracting parties, and not merely in the physical bond of union between events, which solves, at least for the jurist, this problem of causation * * * Even for the jurist, the same cause is alternately *[sic]* proximate and remote as the parties choose to view it. A policy provides that the insurer shall not be liable for damage caused by the explosion of a boiler. The explosion causes a fire. If it were not for the exception in the policy, the fire would be the proximate cause of the loss and the explosion the remote one. By force of the contract, the explosion becomes proximate".

More recently, in the case of *Home Ins. Co. v American Ins. Co. (supra,* at 354), we held that in interpreting exclusionary clauses in insurance contracts " 'the causation inquiry stops at the efficient physical cause of the loss; it does not trace events back to their metaphysical beginnings'. *(Pan Am. World Airways v Aetna Cas. & Sur. Co.,* [505 F2d 989], 1006.)"

In *Home Ins. (supra)* there was a policy that excluded coverage for loss or damage caused by electric arcing. The pertinent facts in *Home Ins.* indicate that transfer and switching equipment was damaged, when the insured premises' hot water system malfuntioned, occasioning water and steam to enter a mechanical equipment room, with moisture saturating duct insulation and supports, which had deteriorated due to age and environment, and the result was an electrical arc, causing overload and burnouts. After reviewing those facts, we concluded that the electrical arc was "the efficient or dominant cause of the loss * * * Indeed, while it is apparent that the introduction of moisture into the * * * duct facilitated the electrical injuries in this case, it is also apparent that the losses themselves were not moisture injuries * * *

Rather, those damages would not have occurred in the absence of the electrical arcing and, as such, are excluded from coverage under the plain and unambiguous language of the electric current exclusion in the * * * policy" *(Home Ins. Co. v American Ins. Co., supra,* at 355).

The basic principle that guides a Court in its interpretation of the terms contained in an insurance contract "is the reasonable expectation and purpose of the ordinary business man when making an ordinary business contract" *(Bird v St. Paul Fire & Mar. Ins. Co., supra,* at 51; *and see, Stainless, Inc. v Employers Fire Ins. Co.,* 69 AD2d 27, 32-33 [1st Dept 1979], *affd* 49 NY2d 924 [1980]).

Even though the evidence before us indicates that the defendant carrier drafted the policy, and therefore the provisions of that policy "are to be liberally construed in favor of the insured" *(Miller v Continental Ins. Co.,* 40 NY2d 675, 678 [1976]), we find, from our examination of the record, that "the reasonable expectation and purpose of the" parties was to exclude from coverage losses caused by extremes of temperature and freezing *(Bird v St. Paul Fire & Mar. Ins. Co., supra,* at 51).

Applying the legal authority analyzed *supra* to the facts herein, we find that, although flooding and water damage are covered by the policy, the rupture of the sprinkler head, as a result of freezing, was the proximate, efficient and dominant cause of the flooding and water damage, since that damage "would not have occurred in the absence of the [freezing] and, as such, [is] excluded from coverage" *(Home Ins. Co. v American Ins. Co., supra,* at 354-355).

Accordingly, we reverse, grant the motion of the defendant and deny the cross-motion of the plaintiffs for summary judgment. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.