OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
American Home Assurance Company issued a builders risk insurance policy to plaintiff Album Realty Corp. covering a building plaintiff was constructing in New York City. The policy insured against "all risks of direct physical loss of or damage to the property insured from any external cause”. However, it expressly excluded from coverage loss or damage (1) "caused by or resulting from * * * extremes of temperature” or (2) "caused by * * * freezing”.
On December 24, 1989, a sprinkler head froze and ruptured, causing water to fill the subbasement of the insured premises to a depth of 13 feet. The flooding resulted in damage to mechanical and electrical equipment located in the subbasement and caused some structural damage to the building. *1010 After American Home rejected plaintiffs claim on the ground that the damage was caused by "extremes in temperature” and/or "freezing” and therefore excluded from coverage, plaintiff commenced this action seeking damages. The trial court granted plaintiff summary judgment as to liability, but the Appellate Division reversed and granted summary judgment in favor of defendant.
The question presented is whether the loss sustained by plaintiff is within the exclusionary clause relating to freezing.* The answer depends on whether the parties contemplated that the exclusion would apply in a circumstance such as that presented; that is, did they expect a loss arising in this manner to be characterized as being caused by freezing? (See, Bird v St. Paul Fire & Mar. Ins. Co., 224 NY 47, 51.) The loss can be traced back to freezing, but "[w]e are to follow the chain of causation so far, and so far only, as the parties meant that we should follow it” (Goldstein v Standard Acc. Ins. Co., 236 NY 178, 183). In determining the intent of the parties, "[o]ur guide is the reasonable expectation and purpose of the ordinary business [person] when making an ordinary business contract” (see, Bird v St. Paul Fire & Mar. Ins. Co., 224 NY, at 51, supra).
Manifestly, the property damage would not have occurred in the absence of the freezing, as the Appellate Division concluded. However, we do not accept that Court’s determination that the freezing was the proximate, efficient and dominant cause of the flooding and water damage within the meaning of the exclusionary clause. As read by the ordinary and reasonable business person, a loss caused by freezing could not be found to incorporate a loss visibly occasioned by water damage by virtue of the mere fact that the presence of water can best be explained by the rupturing of a sprinkler head which had frozen. A reasonable business person would conclude in this case that plaintiffs loss was caused by water damage and would look no further for alternate causes (see, Home Ins. Co. v American Ins. Co., 147 AD2d 353, 354 [in insurance context, *1011 a causation inquiry does not trace events back to their "metaphysical beginnings”]). That only this most direct and obvious cause should be looked to for purposes of the exclusionary clause at issue becomes even more evident when the limited language of the clause, which excludes damage "caused by” freezing, is compared to the other exclusionary clauses, all of which use broader language, i.e., "caused by or resulting from”, "arising directly or indirectly from”, "directly or indirectly caused by” or "resulting from”, etc.
Because the facts are not in dispute and the inferences to be drawn are not in doubt, summary judgment as to liability should have been granted to plaintiff.

 The Appellate Division found that the loss was caused by freezing. There is no evidence in the record to show that "extremes” of temperature, an arguably ambiguous term, existed on the day in question; temperatures below freezing might not be considered "extreme” in December. Moreover, American Home does not argue that the analysis under the extremes in temperature clause should be any different than that under the freezing clause. Consequently, we focus on the exclusionary clause relating to freezing.