■ MUTUAL REDEVELOPMENT HOUSES, INC., Respondent-Ap-

pellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant-Respondent and Third-Party Plaintiff, et al., Third-Party Defendant. [611 NYS2d 550] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 23, 1992, which denied defendant's motion for summary judgment, and which denied plaintiff's cross-motion for summary judgment, except insofar as defendant's fifth affirmative defense was dismissed, unanimously modified, on the law, to the extent of granting Greater New York Mutual Insurance Company's motion for summary judgment dismissing the complaint and, except as so modified, affirmed, without costs. The clerk is directed to enter judgment in favor of defendant dismissing the complaint as against it.

This action for breach of contract arises out of the disclaimer of coverage under a policy issued by defendant Greater New York Mutual Insurance Company to plaintiff Mutual Redevelopment Houses. Defendant maintains that the claim for water damage falls within several of the exclusions of the multi-peril policy covering Mutual Redevelopment's building, located at 330 Eighth Avenue in the City and County of New York.

In mid-1990, in the process of rebuilding a wall which had settled out-of-plumb, plaintiff discovered a crack in a pipe supplying water to a portion of the premises used by third-party defendant West Chelsea Early Learning Center. The Center had installed the underground pipe to provide water to a sink without Mutual Redevelopment's knowledge, and soil tests conducted by plaintiff in connection with the rebuilding project had not disclosed the presence of moisture in the ground.

Immediately upon discovering the water damage, plaintiff notified its insurer on January 18, 1991, and Greater New York promptly sent its representative to the site. The company's engineer opined that the water damage resulted from a crack in the water line discovered by plaintiff, as well as from two pipes which conducted waste water out of the building and directly into the ground. Subsequent investigation revealed that, for years, water had flowed at a substantial rate out of a broken pipe joint into the fill beneath the building slab, resulting in damage due to subsidence which cost $576,000 to repair.

Defendant disclaimed coverage on the grounds that its policy excludes "loss or damage caused by * * * [c]ontinuous

or repeated seepage or leakage of water that occurs over a period of 14 days or more" and "loss or damage caused by * * * [f]aulty, inadequate or defective * * * [d]esign, specifications, workmanship, repair [or] construction * * * of part or all of any property on or off the described premises." In its disclaimer letter dated July 25, 1991, Greater New York reserved "all other rights under the applicable policy provisions with respect to conditions or matters that may be or become relevant based upon further investigation or inquiry regarding this loss."

Plaintiff commenced this action in October 1991. On February 7, 1992, defendant moved for summary judgment on the ground of late notice. Plaintiff cross-moved for summary judgment or, in the alternative, for dismissal of defendant's fifth affirmative defense of late notice. Plaintiff's General Manager, Leonard Piekarsky, submitted an affidavit stating that he was unaware of any water damage until January 18, 1991, the date he notified defendant of the loss. Supreme Court denied defendant's motion for summary judgment and granted plaintiff's cross-motion to the extent of dismissing the defense based on late notice. Both parties appeal.

Supreme Court properly rejected defendant's late notice defense on the ground that it had been waived by the insurer's failure to assert it in the disclaimer notice *(General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Appell v Liberty Mut. Ins. Co.,* 22 AD2d 906, *affd* 17 NY2d 519). A new defense cannot be invoked after an insurer has disclaimed coverage on separate grounds *(State of New York v Amro Realty Corp.,* 936 F2d 1420, 1431 [2d Cir 1991]). Moreover, plaintiff demonstrated that the damage caused by subsidence, first noticed in July 1990, was not discovered to be water-related until January 1991, when it promptly notified defendant of the claim.

The damage sustained by plaintiff is expressly excluded from coverage under the policy and, therefore, defendant is entitled to summary judgment. Plaintiff concedes that leakage of water occurred over a period greatly exceeding 14 days. Nevertheless, it contends that the policy exclusion applies only to seepage or leakage from a natural source and that its loss is covered because the damage arose as the result of leakage from an artificial source.

This position is clearly at odds with the plain language of the insurance policy, which defines "water damage" as "accidental discharge or leakage of water or steam as the direct

result of the breaking or cracking of any part of a system or appliance containing water or steam." Water damage from natural sources is specifically excluded from coverage elsewhere in the policy. Since the cause of plaintiff's loss is expressly excluded from coverage, none of the resulting damages are covered by the policy of insurance *(Home Ins. Co. v American Ins. Co.,* 147 AD2d 353, 354-355). Concur—Sullivan, J. P., Wallach, Rubin and Nardelli, JJ.