STEPHEN A. NOVICK et al., Appellants-Respondents, v UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent-Appellant. [639 NYS2d 469]

In this action, the plaintiffs sought coverage under a homeowners' policy issued by the defendant for damage due to flooding in their basement on October 6, 1989, and on various dates between October 6, 1989, and November 11, 1990. The defendant issued a disclaimer letter based on policy provisions which excluded coverage for water damage due specifically to (1) "flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind" and (2) "water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure".

The defendant moved for summary judgment dismissing the complaint based on these exclusions, and the plaintiffs cross

moved for summary judgment on the issue of liability. The plaintiffs submitted evidence that the flooding on October 6, 1989, was due to a town water main break underneath their street. In addition, they offered evidence that debris from the water main break clogged a town storm drain pipe connected to their subsurface drainage system. On several subsequent occasions during heavy rainstorms, the plaintiffs' basement was flooded. Following a report by the town's engineering department that a blockage in the storm drain pipe could be contributing to the flooding in the plaintiffs' basement, the town highway department cleaned out the drain pipe on November 28, 1990, and the flooding ceased.

The Supreme Court determined that the plaintiffs' policy covered damages due to the flooding on October 6, 1989, because the exclusions in the notice of disclaimer only applied to water damage resulting from natural phenomena. The court further concluded that, since the flooding on subsequent dates was due to rainfall, a natural phenomenon, the exclusions applied to claims for damages incurred after October 6, 1989.

In deciding this appeal, we have not considered the defendant's claims with respect to the applicability of any policy exclusions which were not included in its notice of disclaimer (see, General Acc. Ins. Group v Cirucci, 46 NY2d 862; Mutual Redevelopment Houses v Greater N. Y. Mut. Ins. Co., 204 AD2d 145).

We agree with the Supreme Court that the exclusions in the defendant's notice of disclaimer do not apply to the water damage sustained on October 6, 1989, as the result of a broken water main (see, Ender v National Fire Ins. Co., 169 AD2d 420; Popkin v Security Mut. Ins. Co., 48 AD2d 46; Cantanucci v Reliance Ins. Co., 43 AD2d 622, affd 35 NY2d 890). The plaintiffs therefore are entitled to summary judgment on the issue of liability for damages sustained on that date.

The Supreme Court erred, however, in granting summary judgment to the defendant with respect to the plaintiffs' causes of action to recover damages for losses sustained after October 6, 1989. In response to the defendant's motion, the plaintiffs presented sufficient evidence to raise a triable issue of fact as to whether an excluded peril, i.e., rainfall, was the dominant and proximate cause of the water damage after October 6, 1989 (see, Album Realty Corp. v American Home Assur. Co., 80 NY2d 1008; Home Ins. Co. v American Ins. Co., 147 AD2d 353). Accordingly, the defendant's motion for summary judgment and the plaintiffs' cross motion for summary judgment on the issue of liability for damages sustained after October 6, 1989,

should have been denied. Bracken, J. P., O'Brien, Ritter, Friedmann and Goldstein, JJ., concur.