■ HENRY MEDINA, JR., et al., Respondents-Appellants, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant-

Respondent. [665 NYS2d 294] —In an action to recover the proceeds of a homeowners' insurance policy, (1) the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 2, 1996, as denied its motion for summary judgment dismissing the complaint, and (2) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for partial summary judgment on the issue of liability and to dismiss certain of the defendant's affirmative defenses.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the plaintiffs' cross motion which were for summary judgment dismissing the defendant's eighth and tenth affirmative defenses and substituting therefor a provision granting those branches of the cross motion and dismissing those affirmative defenses; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant waived its defenses regarding the plaintiffs' alleged failure to comply with policy "conditions" requiring, *inter alia*, prompt notice of the loss and mitigation of the loss (*see, Mutual Redevelopment Houses v Greater N. Y. Mut. Ins. Co.,* 204 AD2d 145, 147; *Schiff Assocs. v Flack,* 51 NY2d 692, 698; *General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864). Therefore, the plaintiffs are entitled to summary judgment dismissing those affirmative defenses.

Notwithstanding each side's contention as to its entitlement to summary judgment as a matter of law on the issue of coverage, with the defendant maintaining that the loss was excluded under the policy and the plaintiffs contending that the loss was covered by the policy, the court correctly denied summary judgment as to both parties. We agree that the determination of whether the loss sustained to the plaintiffs' home may be characterized as a "collapse" occasioned by "hidden decay" (a covered loss) or whether it is more properly classified as "settling" (an excluded peril), presents triable issues of fact necessitating a trial (*see,* CPLR 3212 [b]; *see, e.g., Phillips v Kantor & Co.,* 31 NY2d 307, 311). We note that in the event the factfinder determines that the damages to the plaintiffs' house were caused by a "collapse", the plaintiffs would be entitled to coverage since none of the other exclusions in the policy would bar recovery.

We have considered the parties' remaining contentions and find that none warrant further relief herein. Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.