SECOND DEPARTMENT, OCTOBER, 1999

(October 4, 1999)

1 ALLSTATE INSURANCE COMPANY, Appellant-Respondent, v EUGENE YOUNG et al., Respondents-Appellants. [696 NYS2d 189] —In an action, *inter alia*, for a judgment declaring that a personal liability umbrella policy issued by the plaintiff Allstate Insurance Company to the defendant Eugene Young did not provide coverage for a motor vehicle accident that occurred on May 2, 1990, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered April 9, 1998, as denied its motion for summary judgment, and the defendants separately cross-appeal from so much of the order as denied their respective cross motions for summary judgment declaring that the umbrella policy provides coverage for the subject accident.

Ordered that the order is modified, on the law, by deleting

the provisions thereof which denied the respective cross motions of the defendants for summary judgment and substituting therefor provisions granting those cross motions; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff to the defendants, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the subject policy provides coverage for the May 2, 1990, accident at issue.

On May 2, 1990, the defendant Eugene Young, while driving a vehicle for the defendant Hand Bag Gallery, Ltd., was involved in an accident which resulted in injuries to, among others, the defendant Mara Aguasvivas. Young sought coverage for the accident pursuant to a personal liability umbrella policy that he had purchased from the plaintiff Allstate Insurance Company (hereinafter Allstate) in 1983 which was in effect at the time of the accident. In 1992 Allstate denied coverage on the ground that at the time of the accident Young was driving in his professional capacity as a chauffeur, an alleged exclusion under the policy. Thereafter, Allstate commenced this action for a declaration of the rights of the parties under the policy. After issue was joined, Allstate moved for summary judgment. Allstate argued that the policy, by its terms, did not provide coverage for the accident and that its admitted failure to issue a timely disclaimer did not create coverage. The defendants separately cross-moved for summary judgment declaring that the accident at issue was covered under the subject policy. The court denied Allstate's motion and the defendants' cross motions, finding issues of fact. We now modify.

Allstate is correct that the failure to issue a timely disclaimer does not create coverage where none otherwise exists (*see, Handelsman v Sea Ins. Co.,* 85 NY2d 96; *Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of Worcester Ins. Co. v Bettenhauser,* 260 AD2d 488). However, on the record presented, it may be determined as a matter of law that the subject policy did provide coverage for the May 2, 1990, accident.

The terms of the policy as it was issued in 1983 were, at best, ambiguous as to whether the May 2, 1990, accident would be covered. Thus, because such an ambiguity must be construed against Allstate, the policy must be deemed to provide coverage for the accident (*see, Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321). Allstate argued that coverage was nonetheless properly denied because the terms of the subject policy were amended in 1986 and 1989, and that, under the terms of the policy as amended, the accident at issue would not be

covered. Allstate asserted that Young was notified of these amendments by various mailings of new policy jackets and explanatory inserts. However, Allstate failed to proffer competent and sufficient evidence that the new policy jackets and explanatory inserts were properly mailed to Young (*see, L.Z.R. Raphaely Galleries v Lumbermens Mut. Cas. Co.,* 191 AD2d 680). In his deposition testimony, Young denied having received the amended policy jackets or inserts. Accordingly, it may be determined as a matter of law that the 1983 version of the policy was still in effect and provided coverage for the accident at issue (*see, Moore v Metropolitan Life Ins. Co.,* 33 NY2d 304; *Hay v Star F. Ins. Co.,* 77 NY 235; 2 Couch, Insurance § 29:40 [3d ed]). Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.