RALPH A. JANES, Respondent, v NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. [722 NYS2d 669] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's cross motion for summary judgment and ordered New York Central Mutual Insurance Company (defendant) to provide coverage under its policy of insurance for a fire loss suffered by plaintiff on September 23, 1993. We reject defendant's contention that a vacancy exclusion clause that was changed when the policy was renewed in 1988 precludes coverage. Defendant is bound by the coverage provided under the policy as originally issued because, upon renewing the policy in 1988, defendant failed to inform plaintiff of the changes in the vacancy exclusion clause that reduced coverage (*see,* Insurance Law § 3425 [d] [3]; 2 Couch, Insurance § 27:78 [3d ed]; *see generally,* Annotation, *Insurance Company as Bound by Greater Coverage in Earlier Policy Where Renewal Policy Is Issued Without Calling to*

*Insured's Attention a Reduction in the Policy Coverage*, 91 ALR2d 546; *cf., Byron v Liberty Mut. Ins. Co.*, 63 AD2d 710, *lv denied* 45 NY2d 712). "Policies of fire insurance are rarely examined by the insured" and thus it is "bad faith on the part of [an insurer] to change so radically the terms of the policy, and deliver it as a policy simply renewing the old one, without notice of the change" (*Hay v Star Fire Ins. Co., 77* NY 235, 240). (Appeal from Order of Supreme Court, Wyoming County, Rath, Jr., J.—Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt and Burns, JJ.