■ CONGREGATION BETH TORAH, Respondent, v GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Appellant. [739 NYS2d 454] —In an action to recover damages pursuant to a homeowner's insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated November 9, 2000, as denied its motion for summary judgment dismissing the complaint.

Ordered that, upon searching the record, the order is modified by deleting the provision thereof denying the plaintiff's cross motion for summary judgment on the issue of liability, and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff sought coverage under a policy issued by the defendant for water damage to its premises after a heavy rainstorm. The defendant issued a disclaimer letter based on policy provisions which excluded coverage for damage due to or resulting from, among other things, rain or "[f]aulty, inadequate or defective design." However, the plaintiff's expert submitted an affidavit opining that the water which caused the damage entered the premises as a result of a sewer backup, which then caused a backup in the drains on the roof of the premises, causing water to accumulate on the roof and "[run]

down the stairs onto the floors below." The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. Both the motion and cross motion were denied.

Contrary to its contention, the defendant failed to meet its burden of proving that the loss was within the scope of the policy exclusions it sought to impose (*see Facet Indus. v Wright*, 62 NY2d 769, 771; *Novick v United Servs. Auto. Assn.*, 225 AD2d 676). The defendant submitted no admissible evidence that the "efficient or dominant cause of loss" was rain or "faulty, inadequate or defective design" and not the sewer and drain backup (*Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010). Therefore, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.

On review of the denial of the defendant's motion for summary judgment, this court is empowered to search the record and may, if warranted, grant summary judgment to the plaintiff (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110; *Insurance Co. of Evanston v Mid-Hudson Coop. Ins. Co.*, 271 AD2d 651, 652). The plaintiff established its entitlement to judgment as a matter of law on the issue of liability (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562). The defendant failed to meet its burden in opposing the cross motion by producing evidentiary proof in admissible form establishing the existence of questions of fact on the issue (*see Zuckerman v City of New York, supra* at 562). Accordingly, upon searching the record, the plaintiff is granted summary judgment on the issue of liability. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.