■ In the Matter of BOMBAY REALTY CORPORATION, Respondent, v MAGNA CARTA, INC., Respondent, and CELLULAR 2000 AND BEYOND, LLC, Appellant. [741 NYS2d 318] —Mercure, J.P. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered January 17, 2001 in Albany County, which, inter alia, in a proceeding pursuant to RPAPL article 7, granted petitioner's motion for summary judgment, and (2) from the judgment entered thereon.

Respondent Cellular 2000 and Beyond, LLC (hereinafter respondent) is a retail vendor of cellular telephone and pager equipment and service plans. Its commercial lease with petitioner requires it to pay added rent computed as a percentage of its "gross sales."* The sole issue dividing the parties is whether added rent is to be based on the total value of Southwestern Bell cellular telephone service plans sold by respondent, as contended by petitioner, or merely on the commissions generated by those sales, as asserted by respondent. We agree with Supreme Court's legal conclusion to adopt petitioner's construction of the challenged lease provision, and we accordingly affirm the order and judgment appealed from.

The leased premises were constructed in 1975 for operation as a fast food restaurant and the original lease, entered into on July 22, 1975, obviously anticipated that use. In fact, from 1975 to 1998 the original lessee and a succession of sublessees operated a fast food business on the premises, and throughout that period added rent was paid on the basis of gross sales receipts. On April 6, 1998, however, respondent subleased the property from the most recent prior sublessee and the use of the property was changed to the present one. Sales reports furnished by respondent indicate that, although the sale of cellular telephones and pagers accounts for some of its business, by far the greatest part of its income is derived from the sale of the cellular telephone service plans that are at issue here.

Patently, the challenged lease provision envisages the payment of added rent based on the lessee's gross sales. Therefore, to base respondent's added rent on the actual profit derived

---

* The lease defines "gross sales" as "the income generated by the business conducted by the LESSEE on the demised premises including income derived from the sale of all services and all products whether for cash or for credit less any amounts of money the LESSEE is required to collect as tax on the sale of these products or services by any duly constituted governmental authority."

from the sale of cellular telephone service plans rather than on the gross amount of the sales would constitute a substantial deviation from the compensation methodology of the original lease and have the effect of depriving petitioner of its reasonably expected return on its investment (*see, Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010). The fact that the product sold by respondent is actually supplied by another party strikes us as irrelevant and any hardship created by respondent's own commission structure is one that respondent accepted with full advance knowledge of the governing lease provisions.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, with costs.