■ CARL CARISTO, Appellant, v STANDARD FIRE INSURANCE COMPANY, Respondent. [795 NYS2d 738]—

In an action to recover benefits under an insurance policy, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Davis, J.), dated August 6, 2004, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment, and (2) from so much of an order of the same court dated November 10, 2004, as denied that branch of his motion which was for leave to renew the defendant's motion for summary judgment and his cross motion for summary judgment.

Ordered that the order dated August 6, 2004, is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment and substituting therefor a provision denying the defendant's motion; as so modified, the order is affirmed, and the complaint is reinstated; and it is further,

Ordered that the appeal from so much of the order dated November 10, 2004, as denied that branch of the plaintiff's motion which was for leave to renew the defendant's motion for summary judgment is dismissed as academic; and it is further,

Ordered that the order dated November 10, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff is the owner of a Sea Ray boat insured under a policy issued by the defendant. The plaintiff submitted a claim under the policy after the hull of the boat filled with water and became partially submerged, resulting in a total loss. After inspections, the defendant's experts concluded that water entered the hull due to worn packing around the starboard propeller shaft and wear on the shaft itself. Deeming these routine maintenance items, the defendant denied coverage based on a policy exclusion for a "loss or damages resulting from wear and tear."

The plaintiff commenced this action to recover under the policy. During his deposition, the plaintiff testified that it was typical of his boat specifically, and of his brand of boat in general, that a certain amount of water leaked into the hull from around the propeller shafts. However, the water was always evacuated by the boat's two electric bilge pumps. Further, he testified that on the day before the loss, he was alerted to the presence of water in the hull and discovered that the bilge pumps were not working because the main circuit breaker on the boat had "popped" and could not be reset. The plaintiff scheduled a mechanic, but the mechanic did not arrive until after the boat sank.

The defendant moved for summary judgment dismissing the complaint, relying on the opinion of its experts that the loss resulted from wear and tear, i.e., the worn packing and propeller shaft. The plaintiff cross-moved for summary judgment, arguing that the loss resulted from the failure of the bilge pumps and the failure of his mechanic to arrive as scheduled. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff moved, inter alia, for leave to renew. In support of renewal, the plaintiff submitted the affidavit of a boat mechanic and Sea Ray dealer who opined, inter alia, that the electric bilge pumps on the boat would have kept the boat afloat even if all packing had been removed from around both propeller shafts. The Supreme Court denied renewal.

In support of its motion for summary judgment, the defendant failed to address what role, if any, the loss of the electric bilge pumps played in the claimed loss. Thus, the defendant failed to establish, prima facie, that the loss resulted from the worn packing and propeller shaft, the sole ground for its disclaimer (*see Album Realty Corp. v American Home Assur.*

*Co.*, 80 NY2d 1008, 1010-1011 [1992]; *Brown v St. Nicholas Life Ins. Co.*, 61 NY 332, 337-338 [1874]; *Congregation Beth Torah v Graphic Arts Mut. Ins. Co.*, 293 AD2d 441, 442 [2002]; *Cresthill Indus. v Providence Washington Ins. Co.*, 53 AD2d 488, 498-499 [1976]; 9 Couch on Insurance Law § 137:4 [3d ed]). Rather, this remains a question of fact which prevented granting summary judgment to either party.

In light of our determination, the denial of that branch of the plaintiff's motion which was for leave to renew the defendant's motion for summary judgment has been rendered academic. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.