■ JONATHAN D. BLOOM et al., Appellants, v ST. PAUL TRAVELERS COMPANIES, INC. et al., Respondents. [870 NYS2d 400]—

The plaintiff Jonathan Bloom purchased a "SCOPE" umbrella policy of insurance issued by the defendants which provided supplemental underinsured motorist (hereinafter SUM) coverage. In 2001 the defendants substituted a "PLUS" umbrella policy, which did not provide SUM coverage, for the "SCOPE" policy. Although the defendants mailed the plaintiffs a document entitled "Summary of Major Coverage Changes," that document failed to comply with the requirement of Insurance Law § 3425 (d) (3) that the "[n]otice of intention to substitute a different policy form shall be accompanied by a full and clear comparison of the differences between the policy form last issued and the substitute policy form." The defendants' failure to provide the requisite notice entitles the plaintiffs to reformation of the "PLUS" policy to include SUM coverage in the amount of $25,000 because of bodily injury to or death of one or more persons in any one accident (*see Hay v Star Fire Ins. Co.,* 77 NY 235, 240 [1879]; *Byron v Liberty Mut. Ins. Co.,* 63 AD2d 710 [1978]; *Janes v New York Cent. Mut. Ins. Co.,* 281 AD2d 982 [2001]; *cf. Allstate Ins. Co. v Young,* 265 AD2d 278 [1999]).

Contrary to the defendants' contention, the action was timely commenced. The action is based on a dispute arising under a

contract of insurance, which seeks both its reformation and the payment of SUM benefits under the reformed policy. The applicable statute of limitations is thus the six-year period set forth in CPLR 213 (2) (*see Mandarino v Travelers Prop. Cas. Ins. Co.,* 37 AD3d 775 [2007]; *Matter of ELRAC Inc., v Suero,* 38 AD3d 544 [2007]).

Motion by the respondents on an appeal from a judgment of the Supreme Court, Rockland County, entered April 6, 2007, to strike point I (A) of the appellants' reply brief on the ground that it contains an argument raised for the first time on appeal. By decision and order on motion of this Court entered March 19, 2008 [2008 NY Slip Op 66850(U)], the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.