# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

701

CA 12-01416

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

HARLEYSVILLE INSURANCE COMPANY OF NEW YORK,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

POTAMIANOS PROPERTIES, LLC, DEFENDANT-APPELLANT.

---

HARRIS & PANELS, SYRACUSE (PETER P. PANELS OF COUNSEL), FOR
DEFENDANT-APPELLANT.

NELSON LEVINE deLUCA & HAMILTON, LLC, NEW YORK CITY (STEVEN P. NASSI
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (Brian F. DeJoseph, J.), entered January 20, 2012.
The judgment granted the motion of plaintiff for summary judgment,
denied the cross motion of defendant for summary judgment and declared
that the claimed loss of defendant is not covered by the subject
insurance policy.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  In this declaratory judgment action arising from a
dispute over insurance coverage, defendant appeals from a judgment
that, inter alia, granted plaintiff's motion for summary judgment and
declared that the loss claimed by defendant is not covered by the
subject insurance policy.  We now affirm.  Defendant obtained
insurance from plaintiff to cover a commercial building that it owns
in Syracuse.  The policy in question contains a "Water Exclusion
Endorsement" (endorsement) that excludes coverage for damage caused by
"[m]udslide or mudflow," as well as "[w]ater under the ground surface
pressing on, or flowing or seeping through . . . [f]oundations, walls,
floors or paved surfaces; [or] . . . [b]asements, whether paved or
not."  Under the terms of the endorsement, the exclusion applies
"regardless of whether [the loss] is caused by an act of nature or is
otherwise caused."  The endorsement further provides that, "if any of
the [listed occurrences] results in fire, explosion or sprinkler
leakage, we will pay for the loss or damage caused by that fire,
explosion or sprinkler leakage."

While the policy was in effect, defendant's building sustained
damage when an underground water supply line ruptured.  The water line
measured six inches in diameter fand provided water to the building's

sprinkler system.  The water pressure resulting from the rupture, in combination with the washing away of the soil adjacent to the building, caused a large section of the building's concrete block foundation wall to fall inward, thereby permitting water, mud, and debris to flow into and fill the basement.  Upon receiving notice of the claim by defendant, plaintiff conducted an investigation and denied coverage for defendant's loss.  Plaintiff thereafter commenced this action seeking a declaration that the policy excludes coverage for defendant's loss.

Initially, we reject defendant's contention that plaintiff is bound by the coverage provided under a prior version of the policy (*cf. Janes v New York Cent. Mut. Ins. Co.*, 281 AD2d 982, 982-983). Plaintiff established that the version of the policy effective at the time of the loss contained an enclosure notifying defendant of the changes in the water exclusion endorsement, and thus defendant is bound by the terms of the present form of that endorsement (*see Byron v Liberty Mut. Ins. Co.*, 63 AD2d 710, 710, *lv denied* 45 NY2d 712; *see also* Insurance Law § 3425 [d] [3]; 2 Couch, Insurance § 27:78 [3d ed]).

We agree with plaintiff that the court properly determined that coverage for defendant's loss is excluded under the policy.  Affording the unambiguous terms in the policy their plain and ordinary meaning (*see White v Continental Cas. Co.*, 9 NY3d 264, 267; *Oot v Home Ins. Co. of Ind.*, 244 AD2d 62, 66), we conclude that plaintiff established its entitlement to judgment as a matter of law by establishing that the policy does not provide coverage for defendant's loss (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Specifically, because the loss arose when water from "under the ground" pressed on and flowed through the building's foundation walls into the basement, coverage is precluded under the endorsement (*see generally Neuman v United Servs. Auto. Assn.*, 74 AD3d 925, 925-926; *Lattimore Rd. Surgicenter, Inc. v Merchants Group, Inc.*, 71 AD3d 1379, 1379-1380).

Contrary to defendant's further contention, that portion of the endorsement providing coverage where an excluded occurrence results in "sprinkler leakage" does not apply, inasmuch as the ruptured pipe did not cause the sprinkler to leak; rather, water from the ruptured pipe caused part of the foundation wall to fall inward, thus flooding the basement.  Furthermore, the exclusion pertaining to "[w]ater under the ground surface pressing on, or flowing or seeping through . . . [f]oundations, walls, floors or paved surfaces; [or] . . . [b]asements" applies even though the loss resulted from a ruptured pipe rather than from a natural phenomenon.  The endorsement expressly provides that its exclusions are applicable regardless of whether the occurrence is "caused by an act of nature or is otherwise caused" (*cf. Cantanucci v Reliance Ins. Co.*, 43 AD2d 622, 623, *affd* 35 NY2d 890; *Novick v United Servs. Auto. Assn.*, 225 AD2d 676, 677).  The other sections of the policy, referred to by defendant for the first time on appeal and thus not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985), are, in any event, inapplicable to the

loss at issue.