■ Paul W. Valentine et al., Respondents-Appellants, v Quincy Mutual Fire Insurance Company, Respondent, and Tim Sheridan, Doing Business as Tim Sheridan Insurance and Another, Appellant-Respondent. [1 NYS3d 161]—

In an action, inter alia, to recover damages for breach of an insurance contract and for declaratory relief, the defendant Tim Sheridan, doing business as Tim Sheridan Insurance, doing business as Sheridan Associates, appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated May 29, 2013, as, upon reargument, in effect, adhered to the determination in an order of the same court dated January 31, 2013, denying his cross motion for summary judgment dismissing the complaint and cross claim insofar as asserted against him, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order dated May 29, 2013, as (a), upon reargument, adhered to the determinations in the order dated January 31, 2013, granting that branch of their motion which was for summary judgment declaring that, pursuant to a certain endorsement to a policy of casualty insurance referable to the year 2008/2009, they are entitled to replacement costs for real and personal property destroyed in a fire only to the extent of declaring that the endorsement was in full force and effect as of the date of their loss, and granting that branch of the separate cross motion of the defendant Quincy Mutual Fire Insurance Company which was for summary judgment dismissing the third cause of action, which alleged that Quincy Mutual Fire Insurance Company violated General Business Law § 349, and (b) searched the record and thereupon amended the order dated January 31, 2013, to the extent of adding a provision thereto awarding summary judgment to Quincy Fire Mutual Insurance Company declaring that the underlying policy of casualty insurance referable to the year 2008/2009, rather than the underlying policy referable to the year 2009/2010, remained in full force and effect as of the date of their loss.

Ordered that on the Court's own motion, the plaintiffs' notice of cross appeal from so much of the order dated May 29, 2013, as searched the record and thereupon amended the order dated January 31, 2013, to the extent of adding a provision thereto awarding summary judgment to Quincy Fire Mutual Insurance Company declaring that the underlying policy of casualty insurance referable to the year 2008/2009, rather than the underlying policy referable to the year 2009/2010, remained in full force and effect as of the date of their loss is deemed to be an application for leave to cross-appeal from that portion of the order dated May 29, 2013, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated May 29, 2013, is modified, on the law, (1) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated January 31, 2013, granting that branch of the cross motion of the defendant Quincy Mutual Fire Insurance Company which was for summary judgment dismissing the third cause of action, and substituting therefor a provision, upon reargument, vacating that determination and thereupon denying that branch of that cross motion, (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated January 31, 2013, denying that branch of the cross motion of the defendant Tim Sheridan, doing business as Tim Sheridan Insurance, doing business as Sheridan Associates, which was for summary judgment dismissing the cross claim asserted against him, and substituting therefor a provision, upon reargument, vacating that determination and thereupon granting that branch of his cross motion, and (3) by deleting the provision thereof, upon searching the record, amending the order dated January 31, 2013, to the extent of adding a provision thereto awarding summary judgment to the defendant Quincy Mutual Fire Insurance Company declaring that the underlying casualty insurance policy referable to the year 2008/2009 remained in full force and effect on the date of the plaintiffs' loss, and substituting therefor a provision, upon searching the record, amending the order dated January 13, 2013, so as to add a provision thereto awarding summary judgment to the plaintiffs declaring that the underlying policy of casualty insurance referable to the year 2009/2010 was in full force and effect on the date of their loss; as so modified, the order dated May 29, 2013, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the subject endorsement to the policy of casualty insurance referable to the year 2008/2009 and the underlying policy of casualty insurance referable to the year 2009/2010 were in full force and effect as of the date of the plaintiffs' loss.

The plaintiffs' home was destroyed by fire on October 16, 2010. The plaintiffs had purchased a homeowners' casualty insurance policy from the defendant Quincy Mutual Fire Insurance Company (hereinafter Quincy), procured for them by an insurance broker, the defendant Tim Sheridan, doing business as Tim Sheridan Insurance, doing business as Sheridan Associates. An endorsement to the insurance policy allowed the plaintiffs to recover full replacement costs of their real and personal property when certain terms and conditions were met and the policy was renewed each year.

In 2009, Quincy applied to the New York State Department of Insurance (hereinafter the Insurance Department) for permission to substitute the "replacement cost" provision of its homeowners' insurance policy endorsements with a new provision that, in essence, only permitted recovery of an additional 25% above the total coverage. With the permission of the Insurance Department, Quincy then allegedly sent an advisory notice regarding the change in the policy terms to Sheridan, as the plaintiffs' insurance broker, along with the policy renewal for the year 2009/2010 year. Quincy did not send the advisory notice directly to the plaintiffs. The plaintiffs assert that they never received the notice, and were not aware, until after the fire, that a material term of their policy had changed.

The plaintiffs commenced this action against both Quincy and Sheridan, alleging, inter alia, causes of action to recover damages for breach of contract, violation of General Business Law § 349, violation of Insurance Law § 3425 (d), and broker negligence in the procurement of the insurance policy. Quincy asserted a cross claim against Sheridan for common-law indemnification. Following discovery, all of the parties moved or cross-moved for summary judgment.

In an order dated January 31, 2013, the Supreme Court concluded that Quincy violated Insurance Law § 3425 (d) by failing to directly notify the plaintiffs of the policy change. The court thus concluded that the replacement cost coverage endorsement remained in effect on the date of the loss. Accordingly, the court granted the plaintiffs' motion for summary judgment on the complaint, but only to the extent of declaring that the replacement cost coverage endorsement was in full force and effect on the date of loss. The court denied that branch of the plaintiffs' motion which was for summary judgment declaring that they were indeed entitled to full replacement costs and that Quincy was obligated to pay those costs. The court determined that there were triable issues of fact as to whether the plaintiffs had met the terms and conditions that would entitle them to full replacement costs under the endorsement to the policy for the year 2008/2009. The Supreme Court also granted that branch of Quincy's cross motion which was for summary judgment dismissing the General Business Law § 349 cause of action. Finally, the Supreme Court denied Sheridan's motion in its entirety.

The plaintiffs and Sheridan moved for leave to reargue their respective motions. The Supreme Court granted reargument and adhered to its prior determinations, including the determination that the endorsement to the 2008/2009 policy remained

in full force and effect on the date of loss. However, upon searching the record, the court amended its prior order by awarding summary judgment to Quincy declaring that the underlying 2008/2009 insurance policy, rather than the underlying 2009/2010 policy—which was apparently more favorable to the plaintiffs—was in force and effect on the date of the loss. We modify.

The Supreme Court erred in granting that branch of Quincy's cross motion which was for summary judgment dismissing the General Business Law § 349 cause of action. The elements of a cause of action to recover damages for deceptive business practices under General Business Law § 349 are that the defendant engaged in a deceptive act or practice, that the challenged act or practice was consumer-oriented, and that the plaintiff suffered an injury as a result of the deceptive act or practice (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]; *Air & Power Transmission, Inc. v Weingast*, 120 AD3d 524 [2014]). " 'Intent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim' " (*Wilner v Allstate Ins. Co.*, 71 AD3d 155, 162 [2010], quoting *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55 [1999]). Conduct has been held to be sufficiently consumer-oriented to satisfy the statute where it constituted a standard or routine practice that was "consumer-oriented in the sense that [it] potentially affect[ed] similarly situated consumers" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 27; *see North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5, 12 [2012]; *Wilner v Allstate Ins. Co.*, 71 AD3d at 164).

Here, Quincy's submissions failed to demonstrate, prima facie, that its failure to comply with the notice requirements set forth in Insurance Law § 3425 (d) did not constitute a deceptive business practice. Quincy, in its submissions, admitted that it sought to change and reduce coverage by eliminating a particular endorsement to its New York homeowners' insurance policies, including the plaintiffs' insurance policy. Upon the plaintiffs' renewal of the policy, Quincy eliminated the endorsement, but failed to notify those insureds of that change in the manner prescribed by the Insurance Law. Moreover, the plaintiffs, who continued to seek full replacement costs in relation to the fire that destroyed their home, were clearly injured by the lack of notice that they were underinsured. Accordingly, Quincy failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the cause of action pursuant to General Business Law § 349 and, thus, that branch of its cross motion should have been denied.

Additionally, the Supreme Court erred in denying that branch of Sheridan's motion which was for summary judgment dismissing the cross claim asserted against him by Quincy for common-law indemnification. Sheridan established his prima facie entitlement to judgment as a matter of law dismissing the cross claim by demonstrating that, under Insurance Law § 3425 (d), Quincy had the sole obligation and responsibility to notify its insureds directly of a change in their policy terms. To defeat summary judgment, Quincy was required to raise a triable issue of fact as to whether Sheridan owed it a duty of reasonable care independent of its contractual obligations, or that Sheridan owed a duty to the plaintiffs directly to properly notify them of the elimination of the replacement cost coverage endorsement from their insurance policy, and that a breach of that duty contributed to the plaintiffs' alleged injuries (*see generally Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]). Since Quincy did not oppose that branch of Sheridan's motion, it failed to raise a triable issue of fact in this regard, and the court should have granted that branch of Sheridan's motion.

Since proper notice of a change in the coverage was not provided to the plaintiffs, the plaintiffs were entitled to the benefit of the eliminated coverage that was provided pursuant to the endorsement to the 2008/2009 policy, as well as the terms of the underlying 2009/2010 policy, which was the policy in effect in October 2010, the time of the loss (*see Bloom v St. Paul Travelers Cos., Inc.*, 57 AD3d 819, 820 [2008]; *see also Janes v New York Cent. Mut. Ins. Co.*, 281 AD2d 982 [2001]).

The parties' remaining contentions are without merit.

Since this action seeks declaratory relief, in part, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the replacement cost coverage endorsement to the policy of casualty insurance referable to the year 2008/2009 and the underlying policy of casualty insurance referable to the year 2009/2010 were in full force and effect on the date of the plaintiffs' loss (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.